## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JULIO OTERO (#384782)**

**VERSUS**

**JIMMY SMITH, ET AL.**

**CIVIL ACTION**

**NO. 16-44-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 3, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIO OTERO (#384782)

VERSUS

JIMMY SMITH, ET AL.

CIVIL ACTION

NO. 16-44-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Jimmy Smith, Sam Adams, Joseph Barr, Marcus Callahan, and Edward Honeycutt (R. Doc. 16). The Motion is not opposed.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Jimmy Smith, Anthony Whitiker, Joseph Barr, Jr., John Doe Adams, John Doe Callahan, John Doe Honeycutt, Nathaniel Murray, and Calvin Walker complaining that his constitutional rights were violated when the defendants failed to protect him from an attack by another inmate.[1] Defendants Smith, Adams, Barr, Callahan, and Honeycutt move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's pertinent administrative remedy proceeding. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving

---

[1] A review of the record reveals that defendants Anthony Whitiker (named as "Anthony Walker" in the summons), Nathaniel Murray, and Calvin Walker have not been served because defendant Whitiker/Walker is unknown by the Department of Corrections and defendants Murray and Walker are no longer employed by the Department of Corrections. *See* R. Doc. 11. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff has been informed of the lack of service, and has failed to take action to direct service on these defendants. *See* R. Doc. 12. It is appropriate, therefore, that the plaintiff's claims asserted against Whitiker, Murray, and Walker be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges the following: On October 28, 2014, offender Keith Kissack spit on the plaintiff's face and threatened to burn him the next time Sgt.

Murray worked the unit. Sgt. Murray witnessed the interaction between the plaintiff and offender Kissack but did not report the incident to his supervisor, write up offender Kissack for a disciplinary violation, or place offender Kissack in administrative segregation to prevent him from further attacking the plaintiff. Since the incident was not reported, the plaintiff wrote letters to defendants Barr, Smith, Adams, and Callahan wherein he requested to be removed from the tier because he felt his life and safety were in imminent danger due to offender Kissack's threat to burn him.

On October 31, 2014, Sgt. Murray removed offender Kissack from his cell to use the phone, which is located approximately six feet from the plaintiff's cell. Sgt. Murray exited the tier, and after loosening his restraints, offender Kissack retrieved a can of boiling water mixed with magic shave cream and poured it on the plaintiff's face while he was sleeping. The plaintiff's left side of his face, ear, and nose were burned. While waiting for the ambulance to arrive, Capt. Barr, Lt. Col. Whitiker, Capt. Callahan, and Major Adams conspired to fabricate a false report so that Sgt. Murray would not be fired for failing to follow the proper procedures. Thereafter, Capt. Barr authored a false disciplinary report stating that a confidential informant stated that the plaintiff had threatened to burn himself. The plaintiff's disciplinary appeal was denied, as was the plaintiff's ARP ("LSP-2014-3463").

Defendants Smith, Adams, Barr, Callahan, and Honeycutt assert that the plaintiff's claim that his Eight Amendment rights were violated due to the defendants' failure to protect him from being attack by offender Kissack is subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id*.

Upon a review of the plaintiff's pertinent administrative grievance, *i.e.*, the grievance that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendants' motion is well-taken in this regard and should be granted.  With regards to the moving defendants, the plaintiff does not allege in his grievance that the moving defendants' violated his Eighth Amendment rights by failing to protect him from the attack by offender Kissack.  The plaintiff does not state in his grievance, as he does in his Complaint, that the moving defendants were notified of offender Kissack's prior threat and failed to take steps to protect the plaintiff from attack by offender Kissack.  As such, the moving defendants were not provided with fair notice of the plaintiff's specific complaints against them with regards to the plaintiff's Eighth Amendment failure to protect claim.

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion.  In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at

324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendants' motion for summary judgment allows the Court to conclude that all of the facts contained in the defendant's Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions  Accordingly, based upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the moving defendants are entitled to summary judgment as a matter of law.

In addition to the foregoing, the plaintiff's remaining claims do not survive judicial scrutiny. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an

action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

A claim regarding the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation. *See Grant v. Thomas*,

37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations"). Accordingly, this claim is also subject to dismissal.

To the extent the plaintiff is complaining of a violation of his due process rights in connection with the disciplinary proceedings, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors

made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff does not allege that an atypical punishment was imposed. Accordingly, these claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted. 32710

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the

claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, upon a consideration of the claims remaining before the Court, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the plaintiff's claims asserted against Anthony Whitiker, Nathaniel Murray, and Calvin Walker be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them. It is further recommended that the Motion for Summary Judgment (R. Doc. 16), filed on behalf of defendants Jimmy Smith, Sam Adams, Joseph Barr, Marcus Callahan, and Edward Honeycutt be granted and that the plaintiff's Eighth Amendment claim for failure to protect asserted against these defendants be dismissed for failure to exhaust administrative remedies. It is further recommended that the plaintiff's remaining claims regarding his disciplinary proceedings and the handling of his grievance be dismissed as frivolous and for failure to state a claim upon which relief may be granted. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 3, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**